OPINION
{¶ 1} This is an appeal from the Canton Municipal Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was charged on February 11, 2001 with driving under the influence and under suspension. She pled no contest. The sentence was three days in a driver's intervention program, 175 days incarceration with one day served credited and 174 days suspended.
 {¶ 3} On November 16 at a show cause hearing, 7 days incarceration was imposed.
 {¶ 4} As appellant had not completed the intervention program, she was arrested on June 19, 2001, released on June 26, 2001.
 {¶ 5} Appellant was found guilty of contempt at a show cause hearing on December 17, 2002 for the same non-completion of the driver's course. The remaining portion of 169 days of the suspended sentence was imposed, subject to subsequent review.
 {¶ 6} Appellant was not informed of her right to counsel and to an evidentiary hearing at the December 17, 2002 show cause hearing.
 {¶ 7} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 8} "I. The trial court's failure to appoint and/or inform the appellant of her right to an evidentiary hearing before making a finding that she violated probation, violated the appellant's right to counsel and due process."
 {¶ 9} The applicable Criminal Rules are 32.3(C) and 44(B)(C). They are as follows:
 {¶ 10} Crim.R. 32.3 REVOCATION OF COMMUNITY RELEASE
 {¶ 11} "* * *
 {¶ 12} "(C) Confinement in petty offense cases
 {¶ 13} "If confinement after conviction was precluded by Crim.R. 44(B), revocation of probation shall not result in confinement.
 {¶ 14} "If confinement after conviction was not precluded by Crim.R. 44(B), revocation of probation shall not result in confinement unless, at the revocation hearing, there is compliance with Crim.R. 44(B).
 {¶ 15} "* * *"
 {¶ 16} Crim.R. 44 ASSIGNMENT OF COUNSEL
 {¶ 17} "* * *
 {¶ 18} "(B) Counsel in petty offenses
 {¶ 19} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 {¶ 20} "(C) Waiver of counsel
 {¶ 21} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
 {¶ 22} "* * *"
 {¶ 23} This Court in State v. Nelson (Feb. 18, 2003), Stark App. No. 2002CA00229, 2003-Ohio-934 relied on Argersinger v. Hamlin (1972), 407U.S. 25 which stated:
 Absent knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he was represented by counsel at his trial. U.S.C.A. Const. Amends. 6, 14; 18 U.S.C.A. 3006A(b); Fed. Rules Crim. Proc. rule 44(a), 18 U.S.C.A.; Const.Or. Art 1, 9.
 {¶ 24} Therefore, in the case sub judice the constitutional guarantees of due process were not provided.
 {¶ 25} The Assignment of Error is sustained and this cause is reversed.
Gwin, P.J and Wise, J., concur.
Topic: Right to counsel.